# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES MARSHALL,<br>    Plaintiff, | : <br> : <br> : | PRISONER CASE NO.<br>3:19-cv-335 (JCH) |
| v. | : <br> : | |
| RACHAEL LIGHTNER, et al.,<br>    Defendants. | : <br> : <br> : <br> : | APRIL 25, 2019 |

## INITIAL REVIEW ORDER

**I.     INTRODUCTION**

The plaintiff, Charles Marshall ("Marshall"), incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a Complaint (Doc. No. 1) pro se under section 1983 of title 42 of the United States Code. Marshall sought leave to proceed in forma pauperis. Motion for Leave to Proceed in forma pauperis (Doc. No. 2). On March 15, 2019, the court granted Marshall's application. Order (Doc. No. 6).

The Complaint names seven defendants: Supervisor Rachael Lightner, Nurse Practitioners Jennifer Jerome and Kevin McCrystal, and Drs. Naqvi, LaFrance, OHolloran, and Omprakash Pillai. Marshall contends that the defendants were deliberately indifferent to his serious medical needs. Marshall seeks damages as well as declaratory and injunctive relief.

Under section 1915A of title 28 of the United States Code, the court must review

prisoner civil complaints and dismiss any portion of a complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, a complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); see also Tracy v. Freshwater, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants). However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

II. **ALLEGATIONS**

On February 21, 2012, while confined at Cheshire Correctional Institution, Marshall experienced abdominal discomfort. Compl. at ¶ 1. He wrote to the medical

2

unit about bowel blockage.  Id.  Marshall was prescribed laxatives.  Id.  He was transferred to MacDougall-Walker Correctional Institution on March 23, 2013.  Id.

On December 2, 2013, Marshall was again experiencing abdominal pain.  Id. at ¶ 2.  Dr. Naqvi called him to the medical unit for blood work.  Id.  On December 9, 2013, Marshall again complained of abdominal pain.  Id. at  He was called to the medical unit for x-rays and was again given laxatives.  Id. at ¶ 3.  On December 22, 2013, Dr. Naqvi ordered another x-ray.  Id. at ¶ 4.  On January 1, 2014, Marshall learned that the x-ray showed his colon was filled with stool.  Id. at ¶ 5.

Marshall does not allege that he again complained of abdominal pain until September 2014.  Id. at ¶ 6.  On September 3, 2014, Dr. OHolloran conducted an abdominal examination and ordered a stool specimen.  Id.  On September 17, 2014, Marshall returned to the medical unit for a follow-up examination.  Id. at ¶ 7.  On September 25, 2014, a nurse told Marshall that the Utilization Review Committee ("URC") was reviewing Dr. OHolloran's request that Marshall undergo a colonoscopy.  Id. at ¶ 8.  On May 18, 2015, Marshall went to the UConn Medical Center for a colonoscopy consultation.  Id. at ¶ 9.

On June 8, 2015, Marshall saw Dr. Pillai about his complaints that his abdominal pain was affecting his posture, back, and hip.  Id. at ¶ 10.  Dr. Pillai ordered another stool sample and x-ray.  Id.  Two days later, Marshall was called to the medical unit for blood work.  Id. at ¶ 11.

On July 6, 2015, Marshall was called to the medical unit for a gastrointestinal consult and URC review.  Id. at ¶ 12.  On July 15, 2015, Marshall returned to the UConn

3

Medical Center for another colonoscopy consult. Id. at ¶ 13. On September 6, 2015, Marshall underwent colonoscopy prep in the medical unit and, on September 9, 2015, went to the UConn Medical Center for the colonoscopy. Id. at ¶¶ 14-15. On November 24, 2015, Nurse Practitioner McCrystal called Marshal to the medical unit and told him that the colonoscopy results were normal. Id. at ¶ 16.

On January 20, 2016, Marshall went to the medical unit complaining of severe abdominal pain. Id. at ¶ 17. The doctor ordered an x-ray which showed stool blockage. Id. On February 2, 2016, Marshall had a consultation with Dr. LaFrance who ordered several laxatives. Id. at ¶ 18. The following day, Marshall was called to the medical unit for bloodwork. Id. at ¶ 19.

On April 21, 2016, Marshall was seen in the mental health unit. Id. at ¶ 20. His abdominal issues were causing him to experience stress and fear that he was suffering from cancer or some other long-term damage that would be nonreversible if not caught early. Id.

On May 10, 2016, Dr. LaFrance conducted a follow-up examination for Marshall's abdominal issues, bloating, and pain and discomfort affecting his back. Id. at ¶ 21. On June 5, 2016, Dr. LaFrance conducted a follow-up on Marshall's complaints of abdominal pain. Id. at ¶ 22. Dr. LaFrance told Marshall that Crohn's disease had been ruled out and stated that Marshall might have proctitis. Id. at ¶ 23.

On July 16, 2016, Marshall again complained of abdominal pain and serious discomfort. Id. at ¶ 24. The doctor ordered x-rays. Id. Even after taking all the laxatives, the x-ray showed stool blockage. Id. On August 17, 2016, Marshall was

4

called to the medical unit to speak with the doctor about more medications to improve bowel movement. Id. at ¶ 25.

On December 1, 2016, Marshal again complained about abdominal pain. Id. at ¶ 26. He was called to the medical unit for bloodwork. Id. On January 4, 2017, Marshall was called to the medical unit for bloodwork to check "EPC," cholesterol levels, his kidneys, and his gallbladder. Id. at ¶ 27.

On June 21, 2017, Marshall went to the medical unit to speak to the doctor about a gastroenterology "EGD" appointment. Id. at ¶ 28. On June 23, 2017, Marshall underwent an endoscopy at UConn Medical Center. Id. at ¶ 29. On August 9, 2017, Dr. LaFrance ordered medication for abdominal pain and acid reflux. Id. at ¶ 30.

On August 22, 2017, Marshall went to the medical unit complaining about tenderness on the right side of his abdomen. Id. at ¶ 31. Nurse Practitioner Jerome performed an abdominal examination and noted in Marshall's medical file that his abdomen was firm to the touch. Id. On September 6, 2017, Marshall was called to the medical unit to have blood drawn and to provide a urine specimen. Id. at ¶ 32.

On March 15, 2018, Marshall filed a grievance about his abdominal pain. Id. at ¶ 33. The grievance was returned on March 26, 2018, with direction to first attempt informal resolution. Id. at ¶ 34. On March 27, 2018, Marshall submitted an informal resolution request addressed to Supervisor Lightner. Id. at ¶ 35. On March 29, 2018, Marshall also wrote to the medical unit about severe abdominal pain. Id. at ¶ 36.

On April 1, 2018, Marshall went to the medical unit complaining about severe abdominal pain, blockage, and lower back pain. Id. at ¶ 37. Marshall stated that the

pain was beginning to affect his right lung. Id. The nurse told Marshall that the muscles from his diaphragm, lungs, and abdomen were connected. Id.

On April 3, 2018, Marshall received the request that he had sent to defendant Lightner. Id. at ¶ 38. The request was signed by another person. Id. That same day, Marshall submitted another grievance with a copy of the inmate request. Id. at ¶ 39. He received no response. Id.

On April 12, 2018, Nurse Practitioner Cheryl submitted a URC request for a colonoscopy. Id. at ¶ 40. The following day, Marshall went to the medical unit for another x-ray and stool sample. Id. at ¶ 41. On June 19, 2018, Marshall was called to the medical unit for x-rays of his chest and lungs. Id. at ¶ 42.

On August 14, 2018, Marshall attended a urology examination at UConn Medical Center. Id. at ¶ 44. The doctor inserted a camera into his penis and bladder. Id. On August 22, 2018, Marshall returned to the UConn medical center for a consultation with a gastrologist. Id. at ¶ 45. On August 29, 2018, Marshall underwent colonoscopy prep in the infirmary. Id. at ¶ 46.

On September 17, 2018, Marshall went to the UConn medical center for a CAT scan on his abdomen, hip area, pelvic area, and mid-section. Id. at ¶ 47. On October 16, 2018, Marshall underwent an upper gastric colonoscopy at the UConn medical center. Id. at ¶ 49. On November 15, 2018, Nurse Practitioner Cheryl told Marshall that the test showed no cancer, but it did reveal a cyst on his kidney. Id. at ¶ 50.

On October 22, 2018, Nurse Practitioner Cheryl told Marshall that the doctor who had performed the colonoscopy had ordered medication for "H. pylori virus."[1]  Id. at ¶ 51.  Marshall had to take these medications, twice a day for fourteen days.  Id. at ¶ 52.  Marshall took the medication from October 25, 2018, through November 12, 2018.  Id. at ¶ 53.  All his symptoms vanished and have not returned.  Id.  Testing five weeks after taking the medication was negative for H. pylori virus.  Id. at ¶ 54.

III. **ANALYSIS**

    A.    Claims Against Defendant Lightner

Marshall alleges that he submitted an inmate request regarding his abdominal pain to defendant Lightner preliminary to filing a grievance.  The request was answered by another person.  Marshall further alleges that he submitted a grievance after receiving the response but has heard nothing.  Marshall does not allege that defendant Lightner was responsible for responding to the grievance.  As this is the only reference to defendant Lightner in the Complaint, the court assume that Marshall is asserting a claim against her for failing to handle his inmate request personally.

Inmates have no constitutional entitlement to grievance procedures or to receive a response to a grievance.  See Kalican v. Dzurenda, No. 3:13-cv-1009(SRU), 2015 WL 1806561, at *6 (D. Conn. Apr. 21, 2015) (no constitutional entitlement to receive responses to grievances); Young v. Tryon, No. 12-CV-6251CJS, 2015 WL 309431, at *14 (W.D.N.Y. Jan. 23, 2015) ("[T]he law is clear that [inmates] ha[ve] no constitutional

---

[1] H. pylori is a bacteria, not a virus.  However, the court will use the plaintiff's words for the purposes of this Order.

right to have [their] grievances processed at all, or if processed, to have the procedure done properly."); see also Overholt v. Unibase Data Entry, Inc., 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. 2000) (holding inmate had no constitutional right to effective prison grievance procedure and defendants' failure to properly respond to grievance was not a cognizable claim).

As Marshall has no constitutional right to have his inmate request or grievance responded to or processed properly, there is no legal basis for a claim against defendant Lightner for not responding to his inmate request herself. Any claim against defendant Lightner is dismissed pursuant to section 1915A(b)(1) of title 28 of the United States Code.

B.     Deliberate Indifference Claims

Marshall contends that the defendants were deliberately indifferent to his serious medical need because his condition, H. pylori, was not diagnosed for five years. To state a claim for deliberate indifference to a serious medical need, Marshall must show both that his medical need was serious, and that the defendant acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 183–84 (2d Cir. 2003) (citing Estelle v. Gamble, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration, or extreme pain. See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of

8

a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. See Salahuddin v. Goord, 467 F.3d 262, 280 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. See id. Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference. See Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

Marshall repeatedly complained of abdominal pain and stool blockage. He alleges that both conditions were severe. Thus, for purposes of this Order only, the court will assume that Marshall had a serious medical need.

Marshall alleges that, each time he submitted complaints to the medical unit, he was examined and treated. He was subjected to multiple tests, including upper and lower colonoscopies, blood tests, x-rays, and a CAT scan. Marshall's claim is not that he was not treated, but that his condition was not properly diagnosed sooner. Marshall alleges no facts suggesting that any defendant was aware that the treatment he or she provided would cause Marshal serious harm, or that any defendant was aware of the cause of his symptoms but deliberately failed to treat his condition. Marshall's allegations constitute negligence, not deliberate indifference. As negligence is not cognizable under section 1983, Marshall's claims against defendants Jerome, McCrystal, Naqvi, LaFrance, OHolloran, and Pillai are dismissed pursuant to section 1915A(b)(1) of title 28 of the United States Code.

## ORDERS

The Complaint is **DISMISSED** pursuant to section 1915A(b)(1) of title 28 of the United States Code.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 25th day of April 2019 at New Haven, Connecticut.

<pre>
                            /s/ Janet C. Hall
                            Janet C. Hall
                            United States District Judge
</pre>